# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | No. ACM 40142 |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Cody R. SAYERS** | ) | |
| **Technical Sergeant (E-6)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Special Panel** |

On 4 May 2021, a military judge sitting as a general court-martial at Offutt Air Force Base (AFB), Nebraska, convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one specification of fraudulent enlistment, in violation of Article 83, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 883, and two specifications of sexual abuse of a child, in violation of Article 120b, UCMJ, 10 U.S.C. § 920b.[*]

The PTA provided that the approved sentence would not exceed 54 months of confinement. The PTA also provided that any forfeitures would be "deferred or waived to maximize the financial benefit to [Appellant's] dependent spouse and four children, to the extent allowed by law."

After accepting Appellant's pleas of guilty, the military judge sentenced Appellant to a dishonorable discharge, confinement for three years, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand.

Also on 4 May 2021, the military judge executed the statement of trial results, which included the following language pertinent to this order after the section for *Plea Agreement/PTA Limitations on Punishment*:

> [F]orfeitures, whether adjudged or automatic, will be deferred or waived to maximize the financial benefit to [Appellant's] dependent spouse and four children, to the extent allowed by law.

On 20 May 2021, the convening authority issued his decision on action, in which he approved the adjudged sentence and included the following statement: "All of the adjudged and automatic forfeitures are hereby deferred from

---

[*] Reference in this order to the punitive article of fraudulent enlistment is to the *Manual for Courts-Martial, United States* (2005 ed.). References to other punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.).

14 days from the date the sentence was adjudged until the date the miliary judge signs the entry of judgment." The convening authority also wrote,

> All of the automatic forfeitures are waived for a period of 6 months, or release from confinement, or expiration of term of service, whichever is sooner, with the waiver commencing on the date the military judge signs the entry of judgment. The total pay and allowances is directed to be paid to [AS], spouse of [Appellant], for the benefit of herself and [Appellant's] dependent children.

A corrected copy of the entry of judgment, dated 2 June 2021, reads: "*Forfeitures of Pay and/or Allowances*: ~~Forfeit all pay and allowances~~ N/A." The waiver of automatic forfeitures section reads,

> All of the automatic forfeitures are waived for a period of 6 months, or release from confinement, or expiration of term of service, whichever is sooner, with the waiver commencing on the date the military judge signs the entry of judgment. The total pay and allowances is directed to be paid to [AS], spouse of [Appellant], for the benefit of herself and [Appellant's] dependent children.

The corrected entry of judgment lists three attachments, one of which purports to be a seven-page document: "Email Chain re Correcting Action/EOJ dated 25 May–2 June 2021."

The record of trial docketed with this court did not contain the seven-page attachment to the corrected entry of judgment. Accordingly, on 25 August 2022, this court ordered the Government to show cause "why this court should not remand this record for completion and correction of the record."

On 8 September 2022, the Government provided its answer to the court's 25 August 2022 order. The Government claimed, *inter alia*:

> [T]he omission of the third attachment to the 2 June 2022 corrected Entry of Judgment, a seven-page document, "Email Chain re Correcting Action/EOJ dated 25 May – 2 June 2021," is an insubstantial error that can be remedied without remand.

On 8 September 2022, the Government also moved to attach:

> an email thread provided by the Government between the military judge, trial counsel, and trial defense counsel discussing correction of the terms of the EOJ to properly memorialize the Convening Authority's agreement to waive forfeitures to the extent allowed by law for the benefit of Appellant's spouse and dependent children.

The Government also claimed that "the authenticity this attachment is readily apparent and an affidavit or unsworn declaration as to its authenticity is therefore not needed." Appellant did not file an opposition the motion. On 26 September 2022, we granted the Government's motion to attach.

After considering the e-mail chain and the Government's answer to this court's 25 August 2022 order, the court finds that the attachment does not clarify matters. Specifically, the attachment itself is ambiguous insofar as it does not clearly articulate the convening authority's intended decision on action. As part of the email traffic contained within the attachment, an assistant staff judge advocate from the Offutt AFB legal office stated the following:

> The Parties have already discussed the error and are in agreement that *the action and/or Entry of Judgment should be corrected in order to reflect a suspension or disapproval of the adjudged total forfeitures* in order to ensure the member's dependents receive the maximum financial benefit under the law. The Government has likewise coordinated with the [General Court-Martial Convening Authority (GCMCA)] and *confirmed this was the GCMCA's intent* when entering into the [pretrial agreement].

(Emphasis added).

It is not clear, even to the extent that the court considers the Government's attachment, whether the convening authority intended to suspend or disapprove of any adjudged forfeitures. The convening authority's decision on action reflects his approval of the adjudged sentence, which included total forfeitures. The corrected EOJ, however, notes "N/A" with respect to the forfeitures. The parties apparently determined the forfeitures should be either suspended or disapproved, but the record does not indicate whether the convening authority took any action with respect to that determination and, if he did take action, what that action was.

Accordingly, it is by the court on this **27**th day of September, 2022,

**ORDERED:**

The record of trial is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to correct the record under Rule for Courts-Martial (R.C.M.) 1112(d) to resolve a substantial issue with the post-trial processing, insofar as the convening authority's intent is not clear and any action by the convening authority on the adjudged forfeitures is not reflected in the entry of judgment or the convening authority's decision on action memorandum.

The court's remand returns jurisdiction to a detailed military judge and dismisses this appellate proceeding. *See* Jt. Ct. Crim. App. R. 29(b)(2). A detailed military judge may:

(1) Return the record of trial to the convening authority for new post-trial processing consistent with this order, specifically articulating the decision of the convening authority with respect to adjudged forfeitures;

(2) Conduct one or more Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions; and

(3) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to this court not later than **31 October 2022** for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d). If the record cannot be returned to the court by that date, the Government will inform the court in writing not later than **27 October 2022** of the status of the Government's compliance with this order.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court